

1  Sarah G. Conway (State Bar No. 261414)
   sgconway@JonesDay.com
2  JONES DAY
   555 South Flower Street
3  Fiftieth Floor
   Los Angeles, CA 90071.2300
4  Telephone:  +1.213.489.3939
   Facsimile:   +1.213.243.2539
5
   Attorneys for Defendant
6  Experian Information Solutions, Inc.

7



FILED
CLERK, U.S. DISTRICT COURT

JUL 26 2013

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

8            UNITED STATES DISTRICT COURT

9           CENTRAL DISTRICT OF CALIFORNIA

10                  WESTERN DIVISION

11

12  ALEKSANDR KOVALERCHIK, an       Case No. CV13-05419-GHK
    individual,                              (FFMx)
13
                Plaintiff,
14
                                    NOTICE OF REMOVAL
15        v.

16  EXPERIAN INFORMATION
    SOLUTIONS, INC., doing business as
17  EXPERIAN, and DOES 1 through 100,
    inclusive,
18
                Defendants.
19

20

21

22

23

24

25

26

27

28

                                    EXPERIAN'S NOTICE OF REMOVAL

1        Pursuant to 28 U.S.C. § 1441, Defendants Experian Information Solutions,

2    Inc. ("Experian") hereby files a Notice of Removal of the above-captioned action to

3    this Court and states as follows:

4        1.    Experian is named as Defendant in Civil Action No. BC511486 filed

5    in the Superior Court for the State of California, County of Los Angeles (the "State

6    Court Action").

7        2.    Experian is the only named Defendant in the State Court Action.

8        3.    The Complaint in the State Court Action was filed with the Clerk of

9    the Los Angeles Superior Court on June 7, 2013.  Experian was served with the

10   complaint on June 28, 2013.

11       4.    This Notice is being filed with the Court within thirty (30) days after

12   Experian received a copy of Plaintiff's initial pleading setting forth the claims for

13   relief upon which Plaintiff's action is based.

14       5.    A copy of all process, pleadings and orders served upon Experian in

15   the State Court Action is attached hereto as Exhibit A.

16       6.    Experian is a corporation which, for monetary fees, regularly engages

17   in whole or in part in the practice of assembling consumer credit information or

18   other information on consumers for the purpose of furnishing consumer reports to

19   third parties.  Experian uses means or facilities of interstate commerce for the

20   purpose of preparing or furnishing consumer reports, and therefore is a "consumer

21   reporting agency" within the meaning of 15 U.S.C. § 1681(a)(f).

22       7.    The claims of relief against Experian alleged in the State Court Action

23   arise under the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681u.  Thus, this

24   Court has original subject matter jurisdiction over the above-captioned action

25   pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.  The above-captioned action

26   may properly be removed to this United States District Court pursuant to 28 U.S.C.

27   § 1441(a) and (b).

28       8.    Promptly after the filing of this Notice of Removal, Experian shall

1  provide notice of the removal to Plaintiff through his attorney of record in the State

2  Court Action and to the clerk of the Court in the State Court action, as required by

3  28. U.S.C. § 1446(d).

4  Dated:          July 26, 2013                    JONES DAY

5

6                                                   By:

7                                                        Sarah G. Conway

8                                                   Attorneys for Defendant
                                                    EXPERIAN INFORMATION
9                                                   SOLUTIONS, INC.

10  LAI-3196609

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXPERIAN'S NOTICE OF REMOVAL

# EXHIBIT A

6-28-13
12:15 P.M

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
Experian Information Solutions, Inc.,
doing business as EXPERIAN, and DOES 1-100, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Aleksandr Kovalerchik

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

CONFORMED COPY
ORIGINAL FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

JUN 7  2013

John A. Clarke, Executive Officer/Clerk
BY _____, Deputy
Mary Flores

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* | **CASE NUMBER:**<br>*(Número del caso)*<br>**BC511486** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

DATE:     JUN 7  2013     JOHN A. CLARKE  Clerk, by  Mary Flores  , Deputy
*(Fecha)*                         *(Secretario)*                 *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☑ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

EXHIBIT _A_ PAGE _3_

JOHN P. FITZMORRIS, ESQ., SBN 161827
LAW OFFICE OF JOHN P. FITZMORRIS
520 Broadway Ste 350
Santa Monica, CA 90401
E-mail: jfitzmorrislaw@verizon.net
Phone: (310) 496-4324
Fax: (310) 496-4491

JOHN B. KEATING, ESQ., SBN 148729
LAW OFFICES OF JOHN B. KEATING
2995 Woodside Road # 350
Woodside, CA 94062-2448
E-mail: jbkeating@aol.com
Phone: (650) 851-5900
Fax: (650) 851-5912

Attorneys for Plaintiff
ALEKSANDR KOVALERCHIK

CONFORMED COPY
ORIGINAL FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

JUN 7 . 2013

John A. Clarke, Executive Officer/Clerk
BY _____, Deputy
        Mary Flores

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES, CENTRAL DISTRICT

| | |
|---|---|
| ALEKSANDR KOVALERCHIK, an individual, | Case No.   BC511486 |
| Plaintiff, | Unlimited Jurisdiction |
| v. | **COMPLAINT FOR:** |
| EXPERIAN INFORMATION SOLUTIONS, INC., doing business as EXPERIAN, and DOES 1-100, inclusive, | 1) Violation of Fair Credit Reporting Act (15 USC §1681 et seq)) <br> 2) Violation of California Consumer Credit Reporting Agencies Act <br> 3) Negligence |
| Defendants. | Demand For Trial By Jury |

COMES NOW Plaintiff ALEKSANDER KOVALERCHIK and generally complains of wrongful false credit reporting by Defendant EXPERIAN INFORMATION SOLUTIONS regarding Plaintiff's modified home loan mortgage account, and additionally specifically alleges as follows:

### PARTIES

1.    Plaintiff ALEKSANDR KOVALERCHIK (hereinafter, "Plaintiff"), was at all material times mentioned herein a resident of the County of Los Angeles, in the State of California.

EXHIBIT A PAGE 4

2.     Plaintiff is a consumer within the meaning of the Fair Credit Reporting Act, 15 U.S.C. 1681a(c) (hereinafter, "FCRA").

3.     Defendant EXPERIAN INFORMATION SOLUTIONS, INC. (hereafter "Experian"), is an Ohio corporation, duly authorized to do business and doing business in the County of Los Angeles, State of California.  The credit reporting activities alleged herein occurred in the County of Los Angeles.

4.     Experian is a "consumer reporting agency" within the meaning of the FCRA, 15 U.S.C. 1681a(f) and the California Consumer Credit Reporting Agencies Act codified in California Civil Code §1785.3(d).

5.     Plaintiff is informed and believes, and thereon alleges, that at all times mentioned herein, each of the herein described Defendants was, at all times herein mentioned, acting within the course, scope, purpose, consent, knowledge, ratification, and authorization of each of the remaining Defendants, and such agency, employment, joint venture, and conspiracy.

6.     Plaintiff does not know the true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants sued herein as DOES 1 through 100, inclusive, and Plaintiff will seek leave of court to amend his Complaint to allege such names and capacities as soon as they are ascertained.  Plaintiff is informed and believes, and thereon alleges, that each of these fictitiously named Defendants is responsible in some manner for the occurrences alleged in his Complaint, and that Plaintiff's injuries and damages as alleged and set forth in his Complaint were proximately caused by such fictitiously named Defendants.

7.     Each of the Defendants, whether specifically named or designated as a DOE, was at all times herein mentioned the agent, servant, employee, partner, franchisee, and/or joint venture of each other Defendant, and at all times was acting within the course and scope of said agency, service, employment, partnership, franchise, and/or joint venture.

## GENERAL ALLEGATIONS

8.     Plaintiff purchased a single family residence located at 13250 Chandler Boulevard, in Sherman Oaks, California  91401 (hereinafter, "the Property), on or about February 28, 2004.  Since the time of purchase Plaintiff has resided in the home with his wife, Riva Kovalerchik and son Max

COMPLAINT FOR: (1) VIOLATIONS OF FEDERAL FAIR CREDIT REPORTING ACT; (2)VIOLATIONS OF CALIFORNIA CREDIT REPORTING ACT; and, (3) NEGLIGENCE; DEMAND FOR TRIAL BY JURY

EXHIBIT _A_ PAGE _5_

Kovalerchik. The home was purchased with a 30 year negative amortization mortgage financed by Country Wide Home loans. Plaintiff is informed and believes, and thereon alleges, that the loan was sold to Bank of America in the early part of 2009.

9.      On or about August 29, 2009, Plaintiff and Bank of America entered into a loan modification agreement effective October 1, 2009, with new monthly payment of $5, 934.24.

10.     From the date of purchase of the home until the date of the refinance Plaintiff made all monthly payments in a timely manner. Furthermore, Plaintiff timely made all required payments, pursuant to the loan modification agreement including payments of $5,934.24 from October 2009, through March 2010. Plaintiff maintained an excellent credit score from the date of his purchase of the home until the date of the loan modification. In October 2009 Experian reported that Plaintiff credit score was 802. From the date of purchase of his home until the date of the loan modification plaintiff paid his credit accounts on time. In January 2010 Plaintiff learned that his home loan mortgage account was being reported past due for the months of October 2009 through December 2010.

11.     On January 22, 2010, Plaintiff made written demand that Bank of America process the modification, apply payments made to the Account, and refrain from reporting the Account past due. Bank of America failed to take action to complete the agreed upon modification, correct the "late" payments on the Account, or to discontinue reporting the Account past due to the credit reporting agencies. Bank of America failed to respond to Plaintiff's demand.

12.     On March 15, 2010, not having received response from Bank of America, Plaintiff sent a notice of consumer dispute to Experian, and on the same date, Experian forwarded to Bank of America electronic notice of the consumer dispute presented by Plaintiff, doing so through the automated dispute information system. Experian reported to Plaintiff that they had given notice of the dispute to Bank of America.

13.     Plaintiff again sent notice of consumer dispute to Experian on February 9, 2012, and February 22, 2012. On each of these dates Experian again forwarded to Bank of America electronic notices of the consumer dispute, doing so through the automated dispute information system.

---

COMPLAINT FOR: (1) VIOLATIONS OF FEDERAL FAIR CREDIT REPORTING ACT; (2)VIOLATIONS OF CALIFORNIA CREDIT REPORTING ACT; and, (3) NEGLIGENCE; DEMAND FOR TRIAL BY JURY

14.    The  March 15, 2010, electronic notice of consumer dispute to Experian notified Experian that Plaintiff had been making his monthly mortgage payments as was required by a modification agreement.  Plaintiff's electronic notice of consumer dispute stated:  "I AM MAKING MY PAYMENTS ECRY (SIC) MONTH ACCORDING TO MY MODIFICATION AGREEMENT IT IS ILLEGAL WHAT BAC HOME LAN IS DOING."

15.    Bank of America responded to Experian regarding the March 15, 2010, Experian notice of consumer dispute by providing an automatic electronic verification of the inaccurately reported account information with the response "Account information accurate as of date reported."

16.    On March 16, 2010, Experian report 1330-0566-53 reported incorrect derogatory information the same as was stated in the ACDV as follows:

   1.    The monthly payment was incorrectly listed as $5,779;

   2.    The past due amount was incorrectly stated to be $31,066;

   3.    The last payment was incorrectly stated to have been made on 1/28/2010;

   4.    The past due amount was inaccurately stated to be $1,521,941 for January 2010 which is the same amount stated to be due by Experian in September 2009; and,

   5.    The payment history grid indicated that there was no credit for payments made from August 2009 through January 2010;

   6.    The credit report shows 150 days late;

17.    Following the March 15, 2010 Experian notice of consumer dispute Experian continued to report the account inaccurately and incompletely and/or in a misleading manner, including as delinquent and past, due, with inaccurate and misleading entries as to the number of months past due, the dollar amount past due, the scheduled monthly payment amount, the balance owed, the last monthly payment and without providing the required information that the account entry was disputed by the consumer.  Plaintiff's Experian credit score dropped from 802 in October 2009 to 667 in March 2010.

18.    Since 2007 Plaintiff has been the owner of Max Oil Exploration and Extraction, LLC (hereafter, "Max Oil"), a California oil production company with oil wells in Texas and Wyoming.

---

COMPLAINT FOR: (1) VIOLATIONS OF FEDERAL FAIR CREDIT REPORTING ACT; (2)VIOLATIONS OF CALIFORNIA CREDIT REPORTING ACT; and, (3) NEGLIGENCE; DEMAND FOR TRIAL BY JURY

EXHIBIT  A  PAGE  7

1   Plaintiff has personally invested in a number of Oil Wells operated by Max Oil since 2007 but

2   beginning in 2009 his declining credit scores have sharply curtailed his ability to invest in oil

3   production wells and caused Plaintiff to suffer loss of investment income he otherwise would have

4   been able to earn.

5        19.    At all relevant times herein Defendant Experian regularly and repeatedly published

6   credit reports pertaining to Plaintiff's credit worthiness including Plaintiff's personal Bank of

7   America home loan mortgage account from September 2009 to present including, but not limited to,

8   what payments had been made on the account, the amount of each payment and the date the payment

9   was made.  This information was provided to entities requesting the credit file information,

10   including banks and other financial institutions, and Plaintiff's personal credit cards including Wells

11   Fargo Bank, Wells Fargo Personal Line of credit, and the Wells Fargo credit card, Discover credit

12   card, Home Depot credit card, Bank of America Visa Signature credit card, Target credit card, Best

13   Buy credit card, Lowes's credit card, United Mileage Plus credit card, and American Express card.

14        20.    Each of Plaintiff's credit cards have been adversely affected by inaccurate and false

15   reporting including: Plaintiff's Wells Fargo credit card was cancelled on May 18, 2010, Plaintiff's

16   Home Depot credit card cancelled on 9/3/10, Plaintiff's Bank of America credit card limit was

17   reduced on 9/30/2011, Plaintiff's Wells Fargo personal line of credit was cancelled on 2/14/201 and

18   a number of Plaintiff's credit cards have had credit limits substantially reduced.  Plaintiff's has

19   continued to be harmed by the inaccurate and false credit reporting as of March of 2012 when he

20   was denied an auto loan with Mercedes Benz due to inaccurate and false credit reporting by

21   Experian.  Furthermore, due to Plaintiffs inability to obtain credit and secure investments for Max

22   Oil, Plaintiff's ability to generate earnings from Max Oil has dramatically dropped since Plaintiff

23   formed Max Oil in 2007.  As a result of decreased earnings from Max Oil and the unavailability of

24   credit, Plaintiff has not been able to keep up his mortgage payments.  In December 2012, Plaintiff

25   defaulted on his mortgage and is now in danger of losing his home.

26   <center>**FIRST CAUSE OF ACTION**</center>

27   <center>(Violation of Fair Credit Reporting Act (15 USC §1681 et seq))</center>

28

---

COMPLAINT FOR: (1) VIOLATIONS OF FEDERAL FAIR CREDIT REPORTING ACT; (2)VIOLATIONS OF
CALIFORNIA CREDIT REPORTING ACT; and, (3) NEGLIGENCE: DEMAND FOR TRIAL BY JURY

21.     Plaintiff incorporates by reference in this cause of action each and every allegation contained in Paragraphs 1 through 20 above and each and every allegation contained in the following causes of action as though fully specifically set forth and alleged again repetitively in this cause of action.

22.     Experian prepared, issued, assembled, transferred and otherwise reproduced consumer reports regarding Plaintiff, as defined in the Fair Credit Reporting Act. 15 U.S.C. 1681a, and the California Consumer Credit Reporting Agencies Act codified in California Civil Code §1785.3(c).

23.     Despite receiving notice of Plaintiff's dispute over the reporting of Plaintiff's Bank of America home loan mortgage account, account Experian failed to comply with the requirements of Fair Credit Reporting Act (FCRA) including but not limited to the provisions of 15 USC §1681e(b), 15 USC §1681i, 15 USC §1681n and 15 USC §1681o.

**15 U.S.C. 1681e(b):**

24.     Experian prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding the plaintiff which contained information about Plaintiff's Bank of America account that was false, misleading and inaccurate as of March 15, 2010 including but not limited to: (1) that the account was past due by 150 days, (2) that no payments had been made on the account from August 2009 through January 2010, (3) that the monthly payment amount on the account was $5779, and (4) that the past due amount was $31,066.

25.     Experian failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to plaintiff in violation of 15 U.S.C. 1681e(b), such failure resulting in erroneously reporting Plaintiff's mortgage account as is set forth in paragraph 16.

26.     Experian further failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported by failing to apply procedures to take action to correct or delete the false reporting despite circumstances that it knew or reasonably should have know that Bank of America was regularly making errors in reporting of mortgage accounts for

COMPLAINT FOR: (1) VIOLATIONS OF FEDERAL FAIR CREDIT REPORTING ACT; (2)VIOLATIONS OF CALIFORNIA CREDIT REPORTING ACT; and, (3) NEGLIGENCE; DEMAND FOR TRIAL BY JURY

EXHIBIT _A_ PAGE _9_

1   which there had been loan modification and that Bank of America was not reliable in such reporting

2   to a degree sufficient for Experian to reasonably defer to Bank of America's reporting of disputed

3   accounts without independent investigation of the challenged account reporting.

4        27.    Experian's failure to comply with the requirements of 15 U.S.C. 1681e(b) is negligent

5   within the meaning 15 U.S.C. 1681o.

6        28.    As a direct and proximate result of Experian's negligent violation of 15 U.S.C.

7   1681e(b) in failing to maintain and follow reasonable procedures to assure maximum possible

8   accuracy of the information it reported on Plaintiff's mortgage, Plaintiff suffered actual damage as

9   set forth herein.

10        29.    Experian is liable to the plaintiff for the actual damages he has sustained by reason of

11   such conduct, in an amount to be determined by the trier of fact, as well as his reasonable attorney's

12   fees, which he may recover therefore pursuant to 15 U.S.C. 1681o.

13        30.    Experian's failure to comply with the requirements of 15 U.S.C. 1681e(b) is willful

14   within the meaning 15 U.S.C. 1681n(a).

15        31.    Experian pursuant to its corporate policy did not maintain procedures for maximum

16   possible accuracy in reporting by proper response to dispute notification by Plaintiff, rather

17   according to its corporate policy, Experian refused to investigate the claim by Plaintiff that he had

18   paid his mortgage on time or to verify that Plaintiff had paid his mortgage account on time.

19   Experian instead did not take any steps to check if Plaintiff has paid his mortgage on time or to

20   otherwise investigate Plaintiff's claim that he had paid his mortgage on time.

21        32.    Experian knew or should have known and operated with reckless disregard of the risk

22   that its corporate policy created an unreasonable risk of violation of the statutory consumer

23   protections of the FCRA that Plaintiff would be harmed by its policy leading to likely violation of

24   the FCRA resulting in adverse and derogatory information reported regarding Plaintiffs credit

25   worthiness.

26        33.    As a direct and proximate result of Experian's willful violation of 15 U.S.C. 1681e(b)

27   by failure to maintain and follow reasonable procedures to assure maximum possible accuracy of the

28   information it reported regarding Plaintiff's mortgage, Plaintiff was damaged and Experian is liable

---

COMPLAINT FOR: (1) VIOLATIONS OF FEDERAL FAIR CREDIT REPORTING ACT; (2)VIOLATIONS OF
CALIFORNIA CREDIT REPORTING ACT; and, (3) NEGLIGENCE; DEMAND FOR TRIAL BY JURY

1   to Plaintiff for the actual damages Plaintiff sustained by reason of such conduct together with

2   statutory and punitive damages as well as his reasonable attorney's fees and costs pursuant to 15

3   U.S.C. 1681n.

4

5   **15 U.S.C. 1681i(a)(1)(A):**

6       34.   At one or more times after notice of dispute Experian breached its 15 USC

7   1681i(a)(1)(A) duty to conduct a reasonable dispute reinvestigation, including:

8           (a) By accepting Bank of America's March 15, 2010 response to ACDV merely with

9               an automatic electronic computer verification without any actual investigation

10              activity by a human being,

11          (b) By otherwise failing to conduct actual dispute investigations,

12          (c) By conducting only a superficial investigation,

13          (d) By conducting an investigation that merely looked to see whether the disputed

14              information was reported as it was received from Bank of America rather than

15              considering whether the substance of the information was accurate,

16          (e) By failing to consider or evaluate a number of internal inconsistencies in the

17              reporting in response to the March 15, 2010 ACDV which were openly apparent

18              to any reasonable person in light of Plaintiff's dispute which Experian

19              summarized as, "I AM MAKING MY PAYMENTS ECRY (SIC) MONTH

20              ACCORDING TO MY MODIFICATION AGREEMENT IT IS ILLEGAL

21              WHAT BAC HOME LAN IS DOING" including:

22              i.    The monthly payment is incorrectly listed as $5,779;

23              ii.   The past due amount was incorrectly stated to be $31, 066;

24              iii.  The last payment was incorrectly stated to have been made on 1/28/2010;

25              iv.   The past due amount is inaccurately stated to be $1,521, 941 for January

26                    2010 which is the same amount stated to be due by Experian in September

27                    2009; and,

28

COMPLAINT FOR: (1) VIOLATIONS OF FEDERAL FAIR CREDIT REPORTING ACT; (2)VIOLATIONS OF
CALIFORNIA CREDIT REPORTING ACT; and, (3) NEGLIGENCE; DEMAND FOR TRIAL BY JURY

    v.  The payment history grid indicated that there was no credit for payments made from August 2009 through January 2010;

    vi.  The credit report shows 150 days late;

    vii. The March 16, 2010, credit score is 667.

(f) By failing to contact any person at Bank of America to confirm or deny Plaintiff's claim that a loan modification was in place and that he had made monthly payments.

(g) By failing to contact the Plaintiff directly to learn of the reason for the dispute and/or his explanation of the facts or any missing information,

(h) By failing to consider the information contained in the prior disputes of the trade line information or the other prior complaints and other communications made by Plaintiff directly to Bank of America regarding the account,

(i) By failing to consider information and conclusions arising from prior investigations concerning the information that was the subject of the disputed trade line,

(j) By failing to make a determination of whether Plaintiff was correct that there had been a proposed modification in the terms of the loan reported in the disputed trade line given that Bank of America had acknowledged a new monthly payment amount to be made following the modification of the loan reflected in the disputed trade line, and given that the reporting of the monthly payment amount had changed, rendering the reporting to be inconsistent on its face with a conclusion that there had been no modification and rendering the reported balance amounts inconsistent with the payment due amounts as reported.

(k) By failing to consider the fact that other consumers were similarly complaining that Bank of America's payments reporting following modification in the terms of a loan had not correctly changed to reflect the modification.

35.    Experian failed to conduct meaningful investigation as to the quality of response of the credit information furnisher defendants to the inquiries of the credit reporting agencies regarding

---

COMPLAINT FOR: (1) VIOLATIONS OF FEDERAL FAIR CREDIT REPORTING ACT; (2)VIOLATIONS OF CALIFORNIA CREDIT REPORTING ACT; and, (3) NEGLIGENCE; DEMAND FOR TRIAL BY JURY

EXHIBIT _A_ PAGE _12_

the false information and disputes identified by Plaintiff and instead deferred to the inadequate investigation and responses by the credit information furnishers despite knowledge of the probability of lack of thorough investigation upon initial dispute notice.

36.    In such manner and otherwise the credit agency Experian failed to properly reinstigate Plaintiff's disputes, performed perfunctory and essentially useless investigations and/or reinvestigation resulting in their incorrect verification of the false reports and continued to prepare and issue false consumer reports including  the false, derogatory credit report entries and Plaintiff continued to suffer injury.

**1681i(a)(2)(A):**

37.    At one or more times after notice of dispute Experian breached its 15 USC 1681i(a)(2)(A) duty when providing notice of dispute to the furnisher of the information by failing to include all relevant information regarding the dispute that the agency received from the consumer.

38.    Experian did not forward actual copies of the dispute correspondence and information, instead only forwarding an abbreviated electronic summary.

**1681i(a)(4):**

39.    At one or more times after notice of dispute Experian breached its 15 USC 1681i(a)(4) duty to consider all information submitted by the consumer, including but not limited to:

(a)   By failing to consider the clear and unequivocal information that Plaintiff claimed there was a loan modification for his home loan mortgage account in place;

(b)   By failing to consider the  clear and unequivocal information that Plaintiff claimed he had made his monthly mortgage payments;

(c)   By failing to consider the  clear and unequivocal information that Plaintiff claimed that Bank of America was  inaccurately reporting the account as not having been paid;

COMPLAINT FOR: (1) VIOLATIONS OF FEDERAL FAIR CREDIT REPORTING ACT; (2)VIOLATIONS OF CALIFORNIA CREDIT REPORTING ACT; and, (3) NEGLIGENCE; DEMAND FOR TRIAL BY JURY

EXHIBIT  A  PAGE  13

(d)  By failing to consider Experian's own reporting data of Plaintiff home loan mortgage account which establishes that the mortgagee account had been paid each month on time since Plaintiff purchased his home;

(e)  By Failing to consider Experian's own reporting data which show that as to all other credit accounts Plaintiff paid them on time up until March 15, 2010 at he time of the ACDV.

(f)  By failing to consider Experian's own credit data that up to October 2009 Plaintiff has excellent credit with no late payments ever being reported;

(g)  By Failing to consider Experian's own credit data which gave Plaintiff's a credit score of 802 in October 2009;

(h)  By failing to consider Experian's own data which showed that the loan payments had consistently been paid as follows: $5,001.41 from August 2006 through September 2007, $5,376.52 from October 2007 through August 2008 and $5,779.76 from August 2008 through August 2009, and that the reporting from Bank of America reflected on the October 2009 Experian report showed that the account was never late and had a monthly payment obligation of $5,799 while the Experian reports from November 2009 and later each reported a past due amount of $6,213 despite continuing to report the same monthly payment obligation of $5,799; and

(i)  By failing to consider the actual data in the ACDV response from Bank of America which reported that the correct monthly payment was $5,779 but showed a higher past due amount of $6,213 for each month, thus on its face reflecting the mathematical inconsistency of a reported past due amount each month after the loan modification in excess of the reported scheduled monthly payment thereby on its face establishing that the Bank of America loan reporting could not be correct and that there was merit in Plaintiffs dispute that reporting after the loan modification was incorrect.

COMPLAINT FOR: (1) VIOLATIONS OF FEDERAL FAIR CREDIT REPORTING ACT; (2)VIOLATIONS OF CALIFORNIA CREDIT REPORTING ACT; and, (3) NEGLIGENCE; DEMAND FOR TRIAL BY JURY

EXHIBIT  A  PAGE  14

**15 USC 1681i(a)(5):**

40.     At one or more times after notice of dispute Experian breached its 15 USC 1681i(a)(5) duty  to promptly modify or delete the disputed information from the consumer's file if the disputed information can not  be verified.  The disputed information was not verified.  The disputed information could not be verified because it was incorrect and could not be correct.  The disputed information was a type of information that could not be completely verified by the procedures employed by Experian of simply relying on the electronic response of the furnisher of the information.  The disputed information could not be verified given that the Bank of America response to the dispute was mathematically inconsistent on its face and did not address the specific nature of the dispute.

41.     In these ways and others Experian negligently failed to adopt and/or follow reasonable procedures to insure the proper reinvestigation, accuracy, deletion and/or permanent suppression of disputed inaccurate information appearing in the Plaintiff's consumer reports in violation of 15 U.S.C. 1681i, including failure to conduct a reasonable investigation of the dispute, failure to "include all relevant information regarding the dispute that the agency has received from the consumer" when providing notice of dispute to the furnisher of the information , failure to consider all information submitted by the consumer, and failure to modify or delete information which could not be verified.

42.     As a direct and proximate result of such conduct, the Plaintiff suffered actual damages as set forth herein.

43.     Experian is liable to the plaintiff for the actual damages he has sustained by reason of such negligent conduct, in an amount to be determined by the trier of fact, as well as his reasonable attorney's fees, and he may recover therefore pursuant to 15 U.S.C. 1681o.

44.     At one or more times after notice of dispute Experian willfully breached its 15 USC 1681i(a)(1)(A) duty to conduct a reasonable dispute reinvestigation.

45.     At one or more times after notice of dispute Experian willfully breached its 15 USC 1681i(a)(2)(A) duty when providing notice of dispute to the furnisher of the information by failing to include all relevant information regarding the dispute that the agency received from the consumer.

COMPLAINT FOR: (1) VIOLATIONS OF FEDERAL FAIR CREDIT REPORTING ACT; (2)VIOLATIONS OF CALIFORNIA CREDIT REPORTING ACT; and, (3) NEGLIGENCE; DEMAND FOR TRIAL BY JURY

EXHIBIT A PAGE 15

46.    At one or more times after notice of dispute Experian willfully breached its 15 USC 1681i(a)(4) duty to consider all information submitted by the consumer.

47.    At one or more times after notice of dispute Experian willfully breached its 15 USC 1681i(a)(5) duty  to promptly modify or delete the disputed information from the consumer's file if it cannot be verified.

48.    As a direct and proximate result of such conduct, the plaintiff suffered actual damages as set forth herein.

49.    Experian pursuant to its corporate policy did not maintain procedures designed to result in proper response to dispute notifications such as by Plaintiff, rather according to its corporate policy, Experian did not even attempt to meaningfully investigate the claim by Plaintiff that he had paid his mortgage on time or to verify that Plaintiff had paid his mortgage account on time.  Experian instead did not take any steps to check if Plaintiff has paid his mortgage on time or to otherwise investigate Plaintiff's claim that he had paid his mortgage on time, did not forward all of the dispute information to the furnisher, did not consider all of the dispute information provided by the consumer and did not modify or delete the disputed information that it could not verify.

50.    The acts alleged herein of Experian were willful and malicious and were done with fraud or oppression, and in reckless disregard of Plaintiff's rights and were intended to or were known likely to oppress and cause injury to Plaintiff and were done within the course and scope of the Defendants' employees' employment and/or managerial authority or pursuant to company policy.  Plaintiff is therefore entitled to an award of punitive damages pursuant to 15 U.S.C. 1681n Experian knew or should have known and operated with reckless disregard of the risk that its corporate policy created an unreasonable risk of violation of the statutory consumer protections of the FCRA that Plaintiff would be harmed by its policy leading to likely violation of the FCRA resulting in adverse and derogatory information reported regarding Plaintiffs credit worthiness.

51.    As a direct and proximate result of Experian's willful violation of 15 U.S.C. 1681i Plaintiff was damaged and Experian is liable to Plaintiff for the actual damages Plaintiff sustained by reason of such willful conduct together with statutory and punitive damages as well as his reasonable attorney's fees and costs pursuant to 15 U.S.C. 1681n.

---

COMPLAINT FOR: (1) VIOLATIONS OF FEDERAL FAIR CREDIT REPORTING ACT; (2)VIOLATIONS OF CALIFORNIA CREDIT REPORTING ACT; and, (3) NEGLIGENCE; DEMAND FOR TRIAL BY JURY

## SECOND CAUSE OF ACTION

### (Violation of California Consumer Credit Reporting Agencies Act

### (California Civil Code §1785 et seq))

52.     Plaintiff incorporates by reference in this cause of action each and every allegation contained in Paragraphs 1 through 51 above and each and every allegation contained in the following causes of action as though fully specifically set forth and alleged again repetitively in this cause of action.

53.     In doing the acts alleged herein, Defendants failed to comply with the requirements of California Consumer Credit Reporting Act (CCRA) including provisions in effect on September 30, 1996, including but not limited to California Civil Code § 1785.14(b), §1785.16, §1785.31

**CALIFORNIA *CIVIL CODE* §1785.14e(b)**

54.     Experian prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding the plaintiff, which contained information about Plaintiff's Bank of America home loan account that was false, misleading and inaccurate as of March 15, 2010 including but not limited to: (1) the account was past due by 150 days, (2) that no payments had been made on the account from August 2009 through January 2010, (3) that the monthly payment amount on the account was $5,779, and (4) that the past due amount was $31,066.

55.     In the manner set forth above and otherwise Experian failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to plaintiff, in violation of California Civil Code §1785.14(b) including by erroneously reporting Plaintiff's mortgage account as is set forth in paragraph 16.

56.     Experian further failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported by failing to apply procedures to take action to correct the false reporting despite circumstances that it knew or reasonably should have know that Bank of America was regularly making errors in reporting of mortgage accounts loan modification and was not reliable in such reporting to a degree sufficient for Experian to reasonably defer to Bank of America's reporting of disputed accounts without independent investigation of the challenged account reporting.

COMPLAINT FOR: (1) VIOLATIONS OF FEDERAL FAIR CREDIT REPORTING ACT; (2)VIOLATIONS OF CALIFORNIA CREDIT REPORTING ACT; and, (3) NEGLIGENCE; DEMAND FOR TRIAL BY JURY

57.     Experian's failure to comply with the requirements of California Civil Code §1785.14(b) is negligent within the meaning of California Civil Code §1785.31(a)(1).

58.     As a direct and proximate result of Experian's negligent violation of California Civil Code §1785.14(b) in failing to maintain and follow reasonable procedures to assure maximum possible accuracy of the information it reported on Plaintiff's mortgage, Plaintiff suffered actual damage as set forth herein.

59.     Experian is liable to the plaintiff for the actual damages he has sustained by reason of such conduct, in an amount to be determined by the trier of fact, as well as his reasonable attorney's fees, which he may recover therefore pursuant to California Civil Code §1785.31(a)(1).

60.     Experian's failure to comply with the requirements of California Civil Code §1785.14(b) is willful within the meaning of California Civil Code §1785.31(a)(2).

61.     As a direct and proximate result of Experian's willful violation of California Civil Code §1785.14(b) by failure to maintain and follow reasonable procedures to assure maximum possible accuracy of the information it reported on Plaintiff mortgage, Plaintiff has sustained damages and Experian is liable to the Plaintiff for the actual damage he suffered along with punitive damages as well as Plaintiff's reasonable attorney's fees and costs pursuant to California Civil Code §1785.31(a)(2).

**CALIFORNIA *CIVIL* CODE §1785.16(a):**

62.     At one or more times after notice of dispute Experian breached its  duty to conduct a reasonable dispute reinvestigation pursuant to California Civil Code §1785.16(a), including in the manner set forth above and otherwise and:

        (a) By accepting Bank of America's March 15, 2010 response to ACDV merely with an automatic electronic computer verification without any actual investigation activity by a human being,

        (b) By otherwise failing to conduct actual dispute investigations,

        (c) By conducting only a superficial investigation,

COMPLAINT FOR: (1) VIOLATIONS OF FEDERAL FAIR CREDIT REPORTING ACT; (2)VIOLATIONS OF CALIFORNIA CREDIT REPORTING ACT; and, (3) NEGLIGENCE; DEMAND FOR TRIAL BY JURY

(d) By conducting an investigation that merely looked to see whether the disputed information was reported as it was received from Bank of America rather than considering whether the substance of the information was accurate,

(e) By failing to consider or evaluate a number of internal inconsistencies in Plaintiff's March 15, 2010 ACDV which were openly apparent to any reasonable person in light of Plaintiff's dispute which Experian summarized as, "I AM MAKING MY PAYMENTS ECRY (SIC) MONTH ACCORDING TO MY MODIFICATION AGREEMENT IT IS ILLEGAL WHAT BAC HOME LAN IS DOING" including:

    i.   The monthly payment is incorrectly listed as $5,779;

    ii.  The past due amount was incorrectly stated to be $31, 066;

    iii. The last payment was incorrectly stated to have been made on 1/28/2010;

    iv. The past due amount is inaccurately stated to be $1,521,941 for January 2010 which is the same amount stated by Experian to be due in September 2009; and,

    v.  The payment history grid indicated that there was no credit for payments made from August 2009 through January 2010;

    vi. The credit report shows 150 days late;

    vii. The March 16, 2010, credit score is 667.

(f) By failing to contact any person at Bank of America to confirm or deny Plaintiff's claim that a loan modification was in place, that he had made monthly payments.

(g) By failing to contact the Plaintiff herein to learn of the reason for the dispute and/or his explanation of the facts or any missing information,

(h) By failing to consider the information contained in the prior disputes of the trade line information or the other prior complaints and other communications made by Plaintiff directly to Bank of America regarding the account,

---

COMPLAINT FOR: (1) VIOLATIONS OF FEDERAL FAIR CREDIT REPORTING ACT; (2)VIOLATIONS OF CALIFORNIA CREDIT REPORTING ACT; and, (3) NEGLIGENCE; DEMAND FOR TRIAL BY JURY

EXHIBIT A PAGE 19

(i) By failing to consider information and conclusions arising from prior investigations concerning the information that was the subject of the disputed trade line,

(j) By failing to consider the fact that there had been a proposed modification in the terms of the loan reflected in the disputed trade line and Bank of America had acknowledged a new monthly payment amount to be made following the modification of the loan reflected in the disputed trade line, and

(k) By failing to consider the fact that other consumers were similarly complaining that Bank of America's payments reporting following modification in the terms of a loan had not correctly changed to reflect the modification.

63. Experian negligently failed to adopt and/or follow reasonable procedures to insure the proper reinvestigation, accuracy, deletion and/or permanent suppression of disputed inaccurate information appearing in the plaintiff's consumer reports as contained in its files pertaining to the plaintiff or in credit reports supplied to third parties in violation of California Civil Code §1785.16(a).

64. Experian failed to conduct meaningful investigation as to the quality of response of the credit information furnisher defendants to the inquiries of the credit reporting agencies regarding the false information and disputes identified by Plaintiff and instead deferred to the inadequate investigation and responses by the credit information furnishers despite knowledge of the probability of lack of thorough investigation upon initial dispute notice.

65. In such manner and otherwise the credit agency Experian failed to properly reinvestigate Plaintiff's disputes, performed perfunctory and essentially useless investigations and/or reinvestigation resulting in their incorrect verification of the false reports and continued to prepare and issue false consumer reports including the false, derogatory credit report entries and Plaintiff continued to suffer injury.

66. Experian pursuant to its corporate policy did not respond to dispute notification by Plaintiff, rather according to its corporate policy, Experian refused to investigate the claim by Plaintiff that he had paid his mortgage on time or to verify that Plaintiff had paid his mortgage

COMPLAINT FOR: (1) VIOLATIONS OF FEDERAL FAIR CREDIT REPORTING ACT; (2)VIOLATIONS OF CALIFORNIA CREDIT REPORTING ACT; and, (3) NEGLIGENCE; DEMAND FOR TRIAL BY JURY

account on time, and, instead, did not take any steps to check if Plaintiff has paid his mortgage on time or to otherwise investigate Plaintiff's claim that he had paid his mortgage on time.  Experian knew or should have known that its corporate policy created an unreasonable risk that the California consumer protection laws would be violated causing Plaintiff or others like him to be harmed by the policy and adverse and derogatory information would be reported regarding Plaintiffs credit worthiness.

## CALIFORNIA *CIVIL* CODE §1785.16(b):

67.     At one or more times after notice of dispute Experian breached its California Civil Code §1785.16(b) duty to consider all information submitted by the consumer including the following:

    (a) By failing to considered the clear and unequivocal information, as set forth in the electronic notice of consumer dispute from Plaintiff, that Plainitff claimed there was a loan modification for his home loan mortgage account in place;

    (b) By failing to consider the  clear and unequivocal information, as set forth in the electronic notice of consumer dispute from Plaintiff, that Plaintiff claimed he had made his monthly mortgage payment;

    (c) By failing to consider the  clear and unequivocal information, as set forth in the electronic notice of consumer dispute from Plaintiff, that Plaintiff claimed that Bank of America was  inaccurately reporting the account as not having been paid;

    (d) By failing to consider the fact that it (Experian) has received the information contained in the ACDV which indicated that the was a loan modification in place, and that Plaintiff had made his monthly payments on the mortgage account and that the account was being disputed;

    (e) By failing to consider Experian's own reporting data of Plaintiff home loan mortgage account which establishes that the mortgagee account had been paid each month on time since Plaintiff purchased his home;

COMPLAINT FOR: (1) VIOLATIONS OF FEDERAL FAIR CREDIT REPORTING ACT; (2)VIOLATIONS OF CALIFORNIA CREDIT REPORTING ACT; and, (3) NEGLIGENCE; DEMAND FOR TRIAL BY JURY

EXHIBIT _A_ PAGE _21_

(f)  By failing to consider Experian's own reporting data which show that as to all other credit account Plaintiff paid them on time up until March 15, 2010 at he time of the ACDV.

(g)  By failing to consider Experian's own credit data that up to October 2009 Plaintiff has excellent credit with no late payments ever being reported;

(h)  By Failing to consider Experian's own credit data which gave Plaintiff's a credit score of 802 in October 2009;

(j)  By failing to consider Experian's own data which showed that the loan payments had consistently been paid as follows:  $5,001.41 from August 2006 through September 2007, $5,376.52 from October 2007 through August 2008 and $5,779.76 from August 2008 through August 2009 and that the reporting from Bank of America reflected on the October  2009 Experian report showed that the account was never late and had a monthly payment obligation of $5,799 while the Experian reports from November 2009 and later each reported a past due amount of $6,213 despite continuing to report the same monthly payment obligation of $5,799; and

(k)  By failing to consider the actual data in the ACDV response from Bank of America which reported that the correct monthly payment was $5,779 but showed a higher past due amount of $6,213 for each month, thus on its face reflecting the mathematical inconsistency of a reported past due amount each month after the loan modification in excess of the reported scheduled monthly payment thereby on its face establishing that the Bank of America loan reporting could not be correct and that there was merit in Plaintiffs dispute that reporting after the loan modification was incorrect.

68.     At one or more times after notice of dispute Experian breached its California Civil Code §1785.16(b) duty to promptly add, correct or delete the disputed information from the consumer's file if it can no longer be verified by the  evidence submitted.

COMPLAINT FOR: (1) VIOLATIONS OF FEDERAL FAIR CREDIT REPORTING ACT; (2)VIOLATIONS OF CALIFORNIA CREDIT REPORTING ACT; and, (3) NEGLIGENCE; DEMAND FOR TRIAL BY JURY

69. As a direct and proximate result of such conduct, the Plaintiff suffered actual damages as set forth herein.

70. Experian is liable to the plaintiff for the actual damages he has sustained by reason of such negligent conduct in violation of California Civil Code §1785.16 in an amount to be determined by the trier of fact, as well as his reasonable attorney's fees, and he may recover therefore pursuant to California *Civil Code* §1785.31(a)(1).

71. Experian willfully failed to adopt and/or follow reasonable procedures to insure the proper reinvestigation, accuracy, deletion and/or permanent suppression of inaccurate information appearing in the plaintiff's consumer reports as contained in its files pertaining to Plaintiff's in credit reports supplied to third parties.

72. At one or more times after notice of dispute Experian willfully breached its California Civil Code §1785.16(a) duty to conduct a reasonable dispute reinvestigation.

73. At one or more times after notice of dispute Experian willfully breached its California Civil Code §1785.16(b) duty to consider all information submitted by the consumer.

74. At one or more times after notice of dispute Experian willfully breached its California Civil Code §1785.16(b) duty to delete information that could not be verified.

75. As a direct and proximate result of such conduct, the plaintiff suffered actual damages as set forth herein.

76. Experian's acts alleged herein in violation of California Civil Code §1785.16 were willful and malicious and were done with fraud or oppression, and in reckless disregard of Plaintiff's rights and were intended to or were known likely to oppress and cause injury to Plaintiff and were done within the course and scope of the Experian employees' employment and/or managerial authority or pursuant to company policy. Plaintiff is therefore entitled to an award of punitive damages pursuant to California Civil Code §1785.31(a).

77. Experian is liable to the Plaintiff for the actual damages he has sustained by reason of such willful conduct, in an amount to be determined by the trier of fact, together with punitive damages in an amount to be determined by the trier of fact, as well as his reasonable attorney's fees pursuant to California *Civil Code* §1785.31(a)(2).

COMPLAINT FOR: (1) VIOLATIONS OF FEDERAL FAIR CREDIT REPORTING ACT; (2)VIOLATIONS OF CALIFORNIA CREDIT REPORTING ACT; and, (3) NEGLIGENCE; DEMAND FOR TRIAL BY JURY

EXHIBIT _A_ PAGE _23_

78.     Pursuant to California Civil Code §1785.31(b) Plaintiff is entitled to injunctive relief against the Defendants.

### THIRD CAUSE OF ACTION

#### (Negligence)

79.     Plaintiff incorporates by reference in this cause of action each and every allegation contained in Paragraphs 1 through 78 above as though fully specifically set forth and alleged again repetitively in this cause of action.

80.     Experian is a Consumer Reporting Agency which, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding plaintiff including Plaintiff's home loan mortgage, to the general public, banks and financial institutions and credit card companies, at all times herein, including specifically from August 2009 to the present.

81.     Experian reported credit information i pertaining to Plaintiff's home loan mortgage with Bank of America which was false, inaccurate and misleading beginning in September 2009 to present.  The  false, misleading and inaccurate information as of March 15, 2010 included but was not limited to: (1) the account was past due by 150 days, (2) that no payments had been made on the account from August 2009 through January 2010, ( 3) that the last payment on the account was 1/28/2010, (4) that the monthly payment amount on the account was $5,779, and (5) that the past due amount was $31,066, and (6) that the loan balance was $1,521,941.

82.     At all times when it reported credit information pertaining to Plaintiffs home loan mortgage, Experian had a duty to plaintiff to maintain reasonable procedures to assure accurate reporting, Experian had a duty to report information that was accurate and truthful pertaining to Plaintiffs home loan mortgage, Experian had a duty to investigate all relevant information concerning the accuracy of its reporting once it was notified by Plaintiff of a dispute of the credit information it was disseminating, and Experian had a duty to correct inaccurate and untruthful reporting when it knew or should have known of the inaccurate and untruthful reporting.

83.     Experian breached its duties to Plaintiff with respect to the reporting of Plaintiff's home loan mortgage by merely providing an automatic electronic verification of the inaccurately

---

COMPLAINT FOR: (1) VIOLATIONS OF FEDERAL FAIR CREDIT REPORTING ACT; (2)VIOLATIONS OF CALIFORNIA CREDIT REPORTING ACT; and, (3) NEGLIGENCE; DEMAND FOR TRIAL BY JURY

EXHIBIT _A_ PAGE _24_

reported account information on March 15, 2010 (as is set forth in paragraphs 12 through 17 which allegations are hereby specifically incorporated herein), and again on February 9 and February 20, 2012 but failing to conduct a reasonable reinvestigation of Plaintiff's home loan mortgage account including the terms of the mortgage and whether payments had in fact been made to the account when he (Plaintiff) claimed in writing he had timely paid his account while Experian was nevertheless reporting him 150 days past due. Experian also breached its duties to Plaintiff with respect to the reporting of Plaintiff's home loan mortgage by failing to consider all relevant information pertaining to the electronic notice of dispute on March 15, 2010, and the disputed information on Plaintiff again sent to Experian on February 9, 2012, and February 22, 2012, by failing to follow reasonable procedures to assure that the credit information pertaining to Plaintiff's home loan mortgage was accurate, truthful and not misleading, and by failing to reasonably correct the false credit information and reporting that it knew of or should have known as of March 15, 2010.

84.    Experian did not respond to any dispute notification by Plaintiff, other than to accept Bank of America's automatic electronic confirmation of the reporting. Further, Experian refused to reinvestigate the mortgage account reporting in light of Plaintiff's claim that he had paid his mortgage on time or to verify that Plaintiff had paid his mortgage account on time, and, instead, did not take any steps to check if Plaintiff has paid his mortgage on time or to otherwise investigate Plaintiff's claim that he had paid his mortgage on time. Experian also did not conduct any reasonable reinvestigation to determine if the past due, the total loan balance, or payment history, respectively were correct. Experian did not consider virtually any relevant information with respect to its reporting of Plaintiff mortgage account in its own internal records, in the records of Bank of America or in Plaintiff's possession including the fact that Plaintiff had never been late in paying his mortgage nor any other credit account until the inaccurate reporting beginning in around October 2009 and had always maintain an excellent credit rating prior to the inaccurate reporting in October 2009. Nor did Experian take any steps to confirm if there was a loan modification in place which would affect the timing and amounts of payment due.

COMPLAINT FOR: (1) VIOLATIONS OF FEDERAL FAIR CREDIT REPORTING ACT; (2)VIOLATIONS OF CALIFORNIA CREDIT REPORTING ACT; and, (3) NEGLIGENCE; DEMAND FOR TRIAL BY JURY

EXHIBIT A PAGE 25

85.     As a result of Experian's breach of its duty to report Plaintiff's home loan mortgage account truthfully and accurately Plaintiff has suffered damage to his credit worthiness and the following credit accounts have been harmed: Plaintiff's Wells Fargo credit card was cancelled on May 18, 2010; Plaintiff's Home depot credit card cancelled on 9/3/10; Plaintiff's Bank of America credit card limit was reduced on 9/30/2011; Plaintiffs Wells Fargo personal line of credit was cancelled on 2/14/2011 and a number of Plaintiff's credit cards have had credit limits substantially reduced.  Plaintiff's credit score has now dropped to 650.  Furthermore, due to Plaintiffs inability to obtain credit and secure investments in Max Oil Plaintiff's ability to generate investment income earnings from Max Oil has dramatically dropped since Plaintiff formed Max Oil in 2007.  As a result of decreased investment income earnings from Max Oil and the unavailability of credit Plaintiff has not been able to keep up his mortgage payments.  In December 2012, Plaintiff defaulted on his mortgage and is now in danger of losing his home.

86.     The conduct of Experian and its employees as alleged above was negligent, careless and wrongful.  Management and supervisors of Experian's employees conducted, confirmed and ratified the negligent acts with a careless disregard for the effects of their conduct on Plaintiff and others.

87.     In performing the acts alleged above, and generally in relations, interactions and communications with Plaintiff Experian and its employees failed to exercise that degree of care which an ordinarily careful and prudent person would exercise under the same or similar circumstances, thereby proximately causing the damages alleged in this complaint.

88.     Experian and its employees breached their duty to Plaintiff by the acts and omissions herein alleged.  Said acts and omissions were done negligently and Experian knew, or should have known, that such acts and omissions would injure Plaintiff.

89.     Experian's acts alleged herein had the effect of negligently inflicting severe emotional distress upon Plaintiff.

90.     Experian was aware or reasonably should have been aware that the acts would have such effect of inflicting severe emotional distress.

COMPLAINT FOR: (1) VIOLATIONS OF FEDERAL FAIR CREDIT REPORTING ACT; (2)VIOLATIONS OF CALIFORNIA CREDIT REPORTING ACT; and, (3) NEGLIGENCE; DEMAND FOR TRIAL BY JURY

91.    The acts alleged herein of Experian proximately caused Plaintiff to suffer physical and psychological injury, invasion of privacy, humiliation, mental anguish, and emotional and physical distress in that Plaintiff's, loss of earning capacity, loss of credit, and certain other incidental and consequential expenses and losses as set forth herein or as to be established at trial.

## PRAYER

WHEREFORE, Plaintiff prays for Judgment against Defendants and each of them as follows:

AS TO THE FIRST CAUSE OF ACTION:

1. For general and specific damages according to proof at time of trial;
2. For loss of investment income opportunity;
3. For emotional distress damages arising out of Plaintiff's pain and suffering, anxiety, and mental distress;
4. For statutory damages;
5. For punitive damages;
6. For attorney fees; and
7. For costs of suit herein

AS TO THE SECOND CAUSE OF ACTION:

1. For general and specific damages according to proof at time of trial;
2. For loss of investment income opportunity;
3. For emotional distress damages arising out of Plaintiff's pain and suffering, anxiety, and mental distress;
4. For punitive damages in an amount to be proven at the time of trial;
5. For injunctive relief;
6. For attorney fees; and
7. For costs of suit herein.

AS TO THE THIRD CAUSE OF ACTION:

1. For general and specific damages according to proof at time of trial;
2. For loss of investment income opportunity;
3. For emotional distress damages arising out of Plaintiff's pain and suffering, anxiety, and mental distress;
4. For punitive damages; and
5. For costs of suit herein.

Respectfully submitted this _____7th day of June, 2013, by:

LAW OFFICES OF JOHN P. FITZMORRIS
& ASSOCIATES

John P. Fitzmorris, Esq., Attorney for Plaintiff,
ALEKSANDR KOVALERCHIK

COMPLAINT FOR: (1) VIOLATIONS OF FEDERAL FAIR CREDIT REPORTING ACT; (2)VIOLATIONS OF CALIFORNIA CREDIT REPORTING ACT; and, (3) NEGLIGENCE; DEMAND FOR TRIAL BY JURY

EXHIBIT __A__ PAGE 27

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands trial of this matter by jury.


Respectfully submitted this _____7th day of June, 2013, by:


      LAW OFFICES OF JOHN P. FITZMORRIS
      & ASSOCIATES


      John P. Fitzmorris, Esq., Attorney for Plaintiff,
      ALEKSANDR KOVALERCHIK

COMPLAINT FOR: (1) VIOLATIONS OF FEDERAL FAIR CREDIT REPORTING ACT; (2)VIOLATIONS OF
CALIFORNIA CREDIT REPORTING ACT; and, (3) NEGLIGENCE; DEMAND FOR TRIAL BY JURY

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| John P. Fitzmorris, Esq.<br>520 Broadway, Suite350<br>santa Monnica CA 90401<br>TELEPHONE NO: **(310) 496-4324**   FAX NO.:<br>ATTORNEY FOR *(Name):* | CONFORMED COPY<br>ORIGINAL FILED<br>SUPERIOR COURT OF CALIFO...<br>COUNTY OF LOS ANG...<br><br>JUN 7  2013<br><br>John A. Clarke, Executive Officer/Clerk<br>BY _____ Deputy<br>Mary Flores |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles CA 90012
BRANCH NAME: Central

CASE NAME:
Aleksandr Kovalerchik v. Experian Informaion Solutions, Inc.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | BC511480 |
| | | | | JUDGE: |
| | | | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[✓] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [✓] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [✓] punitive
4. Number of causes of action *(specify):*
5. This case [ ] is [✓] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date:  June 7, 2013

John P. Fitzmorris
*(TYPE OR PRINT NAME)*        *(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)*

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

EXHIBIT A PAGE 29

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
        Wrongful Death
Product Liability *(not asbestos or
    toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice–
        Physicians & Surgeons
    Other Professional Health Care
        Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip
        and fall)
    Intentional Bodily Injury/PD/WD
        (e.g., assault, vandalism)
    Intentional Infliction of
        Emotional Distress
    Negligent Infliction of
        Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
    Practice (07)
Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
Defamation (e.g., slander, libel)
    (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
        *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease
        Contract *(not unlawful detainer
            or wrongful eviction)*
    Contract/Warranty Breach–Seller
        Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
        Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
        Case
Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
    Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
        domain, landlord/tenant, or
        foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
        Case Matter
    Writ–Other Limited Court Case
        Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
        Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of
        County)
    Confession of Judgment (non-
        domestic relations)
    Sister State Judgment
    Administrative Agency Award
        *(not unpaid taxes)*
    Petition/Certification of Entry of
        Judgment on Unpaid Taxes
    Other Enforcement of Judgment
        Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
        harassment)*
    Mechanics Lien
    Other Commercial Complaint
        Case *(non-tort/non-complex)*
    Other Civil Complaint
        *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
    Governance (21)
Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
        Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
        Claim
    Other Civil Petition

CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Page 2 of 2

EXHIBIT A PAGE 30

| SHORT TITLE: Kovalerchik v. Experian | CASE NUMBER BC511486 |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES  CLASS ACTION? ☐ YES  LIMITED CASE? ☐ YES  TIME ESTIMATED FOR TRIAL 4 ☐ HOURS/ ☑ DAYS

**Item II. Indicate the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):**

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

### Applicable Reasons for Choosing Courthouse Location (see Column C below)

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|
| **Auto Tort** Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/ Property Damage/ Wrongful Death Tort** Asbestos (04) | ☐ A6070  Asbestos Property Damage<br>☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2.<br>2. |
| Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons<br>☐ A7240  Other Professional Health Care Malpractice | 1., 4.<br>1., 4. |
| Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall)<br>☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>☐ A7270  Intentional Infliction of Emotional Distress<br>☑ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 4.<br>1., 4.<br>1., 3.<br>1., ④ |

| LACIV 109 (Rev. 03/11) | CIVIL CASE COVER SHEET ADDENDUM | Local Rule 2.0 |
|---|---|---|
| LASC Approved 03-04 | AND STATEMENT OF LOCATION | Page 1 of 4 |

EXHIBIT _A_ PAGE _3_

| SHORT TITLE: Kovalerchik v. Experian | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029   Other Commercial/Business Tort (not fraud/breach of contract) | 1, 3. |
| | Civil Rights (08) | ☐ A6005   Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010   Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013   Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017   Legal Malpractice<br>☐ A6050   Other Professional Malpractice (not medical or legal) | 1., 2., 3.<br>1., 2., 3. |
| | Other (35) | ☐ A6025   Other Non-Personal Injury/Property Damage tort | 2.,3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037   Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024   Other Employment Complaint Case<br>☐ A6109   Labor Commissioner Appeals | 1., 2., 3.<br>10. |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004   Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction)<br>☐ A6008   Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☐ A6019   Negligent Breach of Contract/Warranty (no fraud)<br>☐ A6028   Other Breach of Contract/Warranty (not fraud or negligence) | 2., 5.<br>2., 5.<br>1., 2., 5.<br>1., 2., 5. |
| | Collections (09) | ☐ A6002   Collections Case-Seller Plaintiff<br>☐ A6012   Other Promissory Note/Collections Case | 2., 5., 6.<br>2., 5. |
| | Insurance Coverage (18) | ☐ A6015   Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009   Contractual Fraud<br>☐ A6031   Tortious Interference<br>☐ A6027   Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 5.<br>1., 2., 3., 5.<br>1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300   Eminent Domain/Condemnation          Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023   Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018   Mortgage Foreclosure<br>☐ A6032   Quiet Title<br>☐ A6060   Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6.<br>2., 6.<br>2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021   Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020   Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022   Unlawful Detainer-Drugs | 2., 6. |

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

EXHIBIT  A  PAGE  32

| SHORT TITLE: Kovalerchik v. Experian | CASE NUMBER |
|---|---|

| | **A** Civil Case Cover Sheet Category No. | **B** Type of Action (Check only one) | **C** Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2., 9. |
| | | ☐ A6160  Abstract of Judgment | 2., 6. |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment | 2., 3., 9. |
| | | ☐ A6123  Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190  Election Contest | 2. |
| | | ☐ A6110  Petition for Change of Name | 2., 7. |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100  Other Civil Petition | 2., 9. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 3 of 4

EXHIBIT _A_ PAGE 33

| SHORT TITLE: Kovalerchik v. Experian | CASE NUMBER |
|---|---|

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.<br><br>□1. □2: ☑3. ☒4. □5. □6. □7. □8. □9. □10. | ADDRESS:<br>13250 Chandler Boulevard<br>Sherman Oaks, CA 91401 |
|---|---|
| CITY:<br>Sherman Oaks | STATE:<br>CA | ZIP CODE:<br>91401 |

Item IV. *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the _Stanley Mosk_ courthouse in the _Central_ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: _6/7/2013_                                    _John P. Fitz_
                                                                    (SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet, Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).
5. Payment in full of the filing fee, unless fees have been waived.
6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 4 of 4

EXHIBIT _A_ PAGE _34_

### SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL PERSONAL INJURY CASE
Case Number _____

BC 511486

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**

Your case is assigned for all purposes to the judicial officer indicated below (Local Rule 3.3(c)).

| ASSIGNED JUDGE | DEPT | ROOM | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|
| Hon. Rafael Ongkeko | 91 | 635 | | | |
| Hon. Amy D. Hogue | 92 | 633 | | | |
| Hon. Samantha P. Jessner | 95 | 631 | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | Other | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record on _____   JOHN A. CLARKE, Executive Officer/Clerk

By _____, Deputy Clerk

### NOTICE OF CASE ASSIGNMENT –
### UNLIMITED CIVIL PERSONAL INJURY CASE

Page 1 of 1

EXHIBIT __A__ PAGE __35__

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| In re Personal Injury Cases Assigned to Departments 91, 92 and 93 | Case No.: **BC511486** )<br><br>**GENERAL ORDER** ) |

TO EACH PARTY AND TO THE ATTORNEY OF RECORD FOR EACH PARTY:

Pursuant to the California Code of Civil Procedure, the California Rules of Court, and the Los Angeles County Court Rules, the COURT HEREBY GENERALLY ORDERS AS FOLLOWS IN THIS ACTION:

1.     Plaintiff(s) is/are ordered to serve a copy of this General Order and the General Order - Final Status Conference on the Defendant(s) with copies of the summons and complaint and to file proof of service, as mandated in this order. (Code Civ. Proc., § 594, subd. (b).)

2.     The Court sets the following dates in this action, each in Department _____ at the Stanley Mosk Courthouse, 111 North Hill Street, Los Angeles, CA 90012:

> **FINAL STATUS CONFERENCE:**
> - Date: ___11/26/14___ at 10:00 a.m.
>
> **TRIAL DATE:**
> - Date: ___12/8/14___ at 8:30 a.m.
>
> **OSC re DISMISSAL (Code Civ. Proc., § 583.210) DATE:**
> - Date: ___6/7/16___ at 8:30 a.m.

(Cal. Rules of Court, rules 3.714(b)(3) & 3.729).

EXHIBIT _A_ PAGE 3__

## SERVICE OF SUMMONS AND COMPLAINT

3.      The summons and complaint shall be served upon a defendant within three (3) years after the complaint is filed in this action.  (Code Civ. Proc., § 583.210, subd. (a).)  Failure to comply may result in dismissal, without prejudice, of the action, as to all unserved parties who have not been dismissed as of that date.  (Code Civ. Proc., § 581, subd. (b)(4).)  The Court has scheduled an OSC re Dismissal regarding the dismissal of any unserved party for the date and time set forth above.

4.      The trial date set forth above is conditioned on the defendant(s) being served with the summons and complaint within six (6) months of the filing of the complaint.  The trial date will be continued to a later date if service is not accomplished within six (6) months. The parties may stipulate to keep the original trial date even if service of the summons and complaint is not completed within six (6) months of the filing of the original complaint.

## NO CASE MANAGEMENT CONFERENCE

5. ·    No case management conference will be conducted in a Personal Injury case.

## LAW AND MOTION

**Courtesy Copies Required**

6.      Parties are required to submit courtesy copies of each filed document at least three court dates before the hearing date.  Courtesy copies should be identified and submitted directly to the courtroom.  Original documents should be filed in Room 102 of the Stanley Mosk Courthouse.

**Reservation of Hearing Date**

7.      Motions will require parties to reserve a hearing date by calling the courtroom.  All motions should be filed in Room 102 of the Stanley Mosk Courthouse.

EXHIBIT ___4___ PAGE 37

**Withdrawal of Motion**

8.      Pursuant to California Rules of Court, rule 3.1304(b), the moving party must notify the court if a matter will not be heard on the scheduled date.

**Ex Parte Applications**

9.      Ex parte applications should be noticed for 8:30 a.m.

**Discovery Motions**

10.     To expedite the discovery process, counsel are encouraged to enter into a "Stipulation – Discovery Resolution." The "Stipulation – Discovery Resolution" form is available on-line at www.lasuperiorcourt.org, at "Tools for Litigators - Voluntary Efficient Litigation Stipulations."

11.     No discovery motion, other than a motion to compel where there has been no response, shall be filed or heard unless the moving party contacts the courtroom to schedule an informal discovery conference.

**REQUEST FOR TRANSFER TO INDEPENDENT CALENDAR DEPARTMENT**

12.     Parties seeking to transfer from a Personal Injury Department to an Independent Calendar Department shall properly file and serve the Court's "Motion to Transfer Complicated Personal Injury Case to Independent Calendar Court."

13.     An opposition should be filed in Room 102 of the Stanley Mosk Courthouse, using the same form, and served within five (5) days of the filing and service of the Request for Transfer.

14.     Unless otherwise ordered, no hearing date will be set in these matters.

15.     The court will not transfer a case to an Independent Calendar Department upon stipulation alone.

EXHIBIT _A_ PAGE _38_

**STIPULATIONS**

16.    The court will continue a trial date, or the hearing of any motion or demurrer, when all attorneys of record and/or parties who have appeared in the action stipulate in writing to such continuance.   The stipulation should be filed in Room 102 of the Stanley Mosk Courthouse with the required filing fees on or before 5 days before the hearing date or trial. (Code Civ. Proc., § 595.2 and Govt. Code § 70617, subd. (c)(2).)

**GENERAL ORDER – FINAL STATUS CONFERENCE**

17.    Parties shall comply with the requirements set forth in the Personal Injury Departments "General Order – Final Status Conference," which shall be served with the summons and complaint.

**JURY FEES**

18.    The jury fee shall be due no later than 365 calendar days after the filing of the initial complaint. (Code Civ. Proc., § 631, subds. (b) and (c).)

**SANCTIONS**

19.    Violation of this order may result in the imposition of sanctions as authorized by law. (Code Civ. Proc. §§ 128.7, 187 and Gov. Code, § 68608, sub. (b).)

Dated: _March 18, 2013_

By: _____
Judge of the Superior Court

GENERAL ORDER - 4

EXHIBIT _A_ PAGE _39_

---

**GENERAL ORDER – FINAL STATUS CONFERENCE
PERSONAL INJURY DEPARTMENTS
LOS ANGELES SUPERIOR COURT**

---

The date for Trial having been set in this matter, the COURT ORDERS AS FOLLOWS:

**1.    MEET AND CONFER**

In preparation for the Final Status Conference, the parties shall meet and confer and jointly prepare the Trial Readiness Documents to be filed and lodged with the court. The parties shall also work to reach stipulations to ultimate facts, legal issues, motions in limine and the authenticity/admissibility of exhibits.

**2.    EXHIBIT BINDERS**

The parties shall jointly prepare, and lodge at the Final Status Conference, three sets of tabbed, internally paginated and properly marked exhibits, organized numerically in three-ring binders (a set for the court, the Judicial Assistant and the witnesses). The parties shall mark non-documentary exhibits and insert a simple written description of the exhibit behind the corresponding numerical tab in the exhibit binder.

**3.    TRIAL READINESS DOCUMENTS**

At least 5 calendar days prior to the Final Status Conference, the parties shall serve and file (in Room 102 of the Stanley Mosk Courthouse) the following Trial Readiness Documents:

**A.    TRIAL BRIEFS**

Each party shall file a trial brief succinctly identifying:
      (1) the claims and defenses subject to litigation;
      (2) the major legal issues (with supporting points and authorities);
      (3) the relief claimed and calculation of damages sought; and
      (4) any other information that may assist the court at trial.

**B.    MOTIONS *IN LIMINE***

Before filing motions *in limine*, the parties shall comply with the statutory notice provisions of Code of Civil Procedure Section 1005 and the requirements of Local Rule 3.57(a). The caption of each motion *in limine* shall concisely identify the subject of the motion and designate the specific evidence sought to be precluded.  Parties filing more than one motion *in limine* shall number them consecutively.  Parties filing opposition papers shall identify, in the caption, the number of each motion to which it responds.

<div align="center">1</div>

### C.   JOINT JURY STATEMENT

For jury trials only, the parties shall file a joint written statement of the case to be read to the jury. Local Rule 3.25(i)(4).

### D.   JOINT WITNESS LIST

The parties shall file a joint list of all witnesses that each party intends to call, (except for impeachment or rebuttal witnesses). Local Rule 3.25(i)(5). The joint witness list shall identify each witness by name, each expert witness, the expected length, in tenths of an hour, of the direct and cross examination of each witness, and any potential scheduling problems or special requirements.  Any party who seeks to elicit testimony from a witness not identified on the joint witness list will have to make a showing of good cause.

### E.   JOINT EXHIBIT LIST

The parties shall prepare and file a joint exhibit list that includes columns identifying each exhibit offered without objection or specifying each party's evidentiary objections to its admission. To comply with Local Rules 3.52(i)(5) and 3.53, the parties shall meet and confer in an effort to resolve objections to the admissibility of each exhibit.

### F.   JOINT JURY INSTRUCTIONS

The parties shall prepare and file a complete set of full-text proposed jury instructions, editing CACI instructions to remove blanks and irrelevant material. The parties shall prepare special instructions in a format suitable for submission to the jury (placing citations of authority and the identity of the requesting party above the text pursuant to Local Rules 3.170 and 3.171).

### G.   JOINT VERDICT FORM

The parties shall prepare and jointly file a proposed general or special verdict form with interrogatories. If the parties cannot agree on a joint verdict form, each party must separately file a proposed verdict form.  Local Rule 3.25(i)(7) and (8).

## 4.   TRIAL READINESS BINDER

The parties shall jointly prepare and lodge, at the Final Status Conference, one set of tabbed 3-ring binders containing copies of the parties' Trial Readiness Documents.  The parties shall organize motions in limine behind tabs identifying the moving, opposition and reply papers to each motion.  The parties shall organize proposed jury instructions behind tabs separating (A) the parties' jointly approved jury instructions; (B) the proposed instructions that have elicited an objection; (C) any proposed special instructions; and (D) any agreed-upon special verdict form, or the competing proposed special verdict forms.

2

5.    **COMPLIANCE**

The court has discretion to impose SANCTIONS for any party's failure, without good cause, to timely submit any item required in this order. The court's SANCTIONS may include monetary sanctions, exclusion of evidence, issue preclusion, denial of a claim or defense, dismissal and/or default.

Dated: March 18, 2013

_____
Judge of the Superior Court

3

EXHIBIT _A_ PAGE _42_

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:  FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

EXHIBIT _A_ PAGE _44_

| SHORT TITLE: | | CASE NUMBER: |
|---|---|---|

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h. Computation of damages, including documents not privileged or protected from disclosure, on which such computation is based;

i. Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lasuperiorcourt.org* under "*Civil*" and then under "*General Information*").

2. The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
     (INSERT DATE)                                    (INSERT DATE)
complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation.

3. The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____          ➤ _____
     (TYPE OR PRINT NAME)                              (ATTORNEY FOR PLAINTIFF)
Date:

_____          ➤ _____
     (TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)
Date:

_____          ➤ _____
     (TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)
Date:

_____          ➤ _____
     (TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)
Date:

_____          ➤ (ATTORNEY FOR _____ )
     (TYPE OR PRINT NAME)
Date:

_____          ➤ (ATTORNEY FOR _____ )
     (TYPE OR PRINT NAME)
Date:

_____          ➤ (ATTORNEY FOR _____ )
     (TYPE OR PRINT NAME)

LACIV 229 (new)
LASC Approved 04/11          **STIPULATION – EARLY ORGANIZATIONAL MEETING**          Page 2 of 2

EXHIBIT _A_ PAGE 45

| | | |
|---|---|---|
| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

*This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.*

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

    a. The party requesting the Informal Discovery Conference will:

        i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

        ii. Include a brief summary of the dispute and specify the relief requested; and

        iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

    b. Any Answer to a Request for Informal Discovery Conference must:

        i. Also be filed on the approved form (copy attached);

        ii. Include a brief summary of why the requested relief should be denied;

| | | |
|---|---|---|
| LACIV 036 (new)<br>LASC Approved 04/11 | **STIPULATION – DISCOVERY RESOLUTION** | Page 1 of 3 |

EXHIBIT _A_ PAGE 46

| SHORT TITLE | CASE NUMBER |
|---|---|
|  |  |

iii.   Be filed within two (2) court days of receipt of the Request; and

iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

c.   No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

d.   If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied.  If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

e.   If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.   If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.   The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.   Nothing herein will preclude any party from applying ex parte for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.   Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.   References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

EXHIBIT *A* PAGE 47

| SHORT TITLE: | CASE NUMBER: |
|---|---|

**The following parties stipulate:**

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

> _____
(ATTORNEY FOR PLAINTIFF)

> _____
(ATTORNEY FOR DEFENDANT)

> _____
(ATTORNEY FOR DEFENDANT)

> _____
(ATTORNEY FOR DEFENDANT)

> (ATTORNEY FOR _____)

> (ATTORNEY FOR _____)

> (ATTORNEY FOR _____)

EXHIBIT _A_ PAGE _48_

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):   FAX NO. (Optional):

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| INFORMAL DISCOVERY CONFERENCE<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:
   ☐ Request for Informal Discovery Conference
   ☐ Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. For a Request for Informal Discovery Conference, **briefly** describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, **briefly** describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.

LACIV 094 (new)
LASC Approved 04/11

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

EXHIBIT _A_ PAGE _49_

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):
FAX NO. (Optional):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER -- MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

EXHIBIT A PAGE 50

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____   ▶   _____
(TYPE OR PRINT NAME)                      (ATTORNEY FOR PLAINTIFF)

Date:

_____   ▶   _____
(TYPE OR PRINT NAME)                      (ATTORNEY FOR DEFENDANT)

Date:

_____   ▶   _____
(TYPE OR PRINT NAME)                      (ATTORNEY FOR DEFENDANT)

Date:

_____   ▶   _____
(TYPE OR PRINT NAME)                      (ATTORNEY FOR DEFENDANT)

Date:

_____   ▶   (ATTORNEY FOR _____ )
(TYPE OR PRINT NAME)

Date:

_____   ▶   (ATTORNEY FOR _____ )
(TYPE OR PRINT NAME)

_____   ▶   (ATTORNEY FOR _____ )
(TYPE OR PRINT NAME)

**THE COURT SO ORDERS.**

Date:   _____          _____
                                                                          JUDICIAL OFFICER

LACIV 075 (new)          **STIPULATION AND ORDER – MOTIONS IN LIMINE**          Page 2 of 2
LASC Approved 04/11

EXHIBIT _A_ PAGE 51

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge George King and the assigned discovery Magistrate Judge is Frederick F. Mumm.

The case number on all documents filed with the Court should read as follows:

## CV13- 5419 GHK (FFMx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

==========================================================

## NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[ ] **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[ ] **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[ ] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )
Aleksandr Kovalerchik

**DEFENDANTS** ( Check box if you are representing yourself ☐ )
Experian Information Solutions, Inc.

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
John P. Fitzmorris (SBN 161827)
Law Office of John P. Fitzmorris
520 Broadway, Ste 350
Santa Monica, CA 90401
(310) 496-4324

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Sarah G. Conway (SBN 261414)
Jones Day
555 South Flower Street, 50th Floor
Los Angeles, CA 90071
(213) 489-3939

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff
☒ 3. Federal Question (U.S. Government Not a Party)
☐ 2. U.S. Government Defendant
☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1. Original Proceeding
☒ 2. Removed from State Court
☐ 3. Remanded from Appellate Court
☐ 4. Reinstated or Reopened
☐ 5. Transferred from Another District (Specify)
☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No   (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No   ☒ MONEY DEMANDED IN COMPLAINT: $ More than $25,000

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Violation of Fair Credit Reporting Act (15 USC 1681 et seq)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☒ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | **REAL PROPERTY** | ☐ 362 Personal Injury-Med Malpratice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 220 Foreclosure | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/ Accomodations | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | | | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

FOR OFFICE USE ONLY:   Case Number:   CV13-05419

AFTER COMPLETING PAGE 1 OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED ON PAGE 2.

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ NO ☐ YES

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ NO ☐ YES

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**NOTE: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | |

*Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT):** _Sarah G. Conway_   DATE: July 26, 2013

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |

CV-71 (02/13)   CIVIL COVER SHEET   Page 2 of 2

American LegalNet, Inc.
www.FormsWorkFlow.com