1
2
3
4
5
6
7       UNITED STATES DISTRICT COURT
8       CENTRAL DISTRICT OF CALIFORNIA
9

| | |
|---|---|
| ALEKSANDR KOVALERCHIK, an individual, | Case No. CV13-5419 GHK (FFMx) |
| Plaintiff, | Assigned to the Honorable George H. King |
| v. | **STIPULATED PROTECTIVE ORDER** |
| EXPERIAN INFORMATION SOLUTIONS, INC., doing business as EXPERIAN, and DOES 1 through 100, inclusive, | NOTE CHANGES MADE BY THE COURT |
| Defendants. | |

        IT IS HEREBY STIPULATED by and between Plaintiff Aleksandr

Kovalerchik ("Plaintiff") and Defendant Experian Information Solutions, Inc.

("Experian"), through their respective attorneys of record, as follows:

        WHEREAS, documents and information have been and may be sought,

produced or exhibited by and among the parties to this action relating to trade

secrets, confidential research, development, technology or other proprietary

information belonging to the Experian and/or personal income, credit and other

confidential information of Plaintiff.

        THEREFORE, an Order of this Court protecting such confidential

information shall be and hereby is made by this Court on the following terms

/ / /

1.     This Order shall govern the use, handling and disclosure of all documents, testimony or information produced or given in this action which are designated to be subject to this Order in accordance with the terms hereof.

2.     Any party or non-party producing or filing documents or other materials in this action may designate such materials and the information contained therein subject to this Order by typing or stamping on the front of the document, or on the portion(s) of the document for which confidential treatment is designated, "Confidential."

3.     If a Producing Party believes in good faith that, despite the provisions of this Protective Order, there is a significant need and substantial risk of identifiable harm involving proprietary or trade secret information if particular documents it designates as "Confidential" are disclosed to all other Parties or non-parties to this action, the Producing Party may seek appropriate relief from this Court to designate those particular documents as "Confidential—Attorneys' Eyes Only."

4.     To the extent any motions, briefs, pleadings, deposition transcripts, or other papers to be filed with the Court incorporate documents or information subject to this Order, the party filing such papers shall designate such materials, or portions thereof, as "Confidential" and shall file them with the clerk under seal; provided, however, that a copy of such filing having the confidential information deleted therefrom may be made part of the public record.  Any party filing any document under seal must comply with the requirements of Civil Local Rule 79-5.

5.     All documents, transcripts, or other materials subject to this Order, and all information derived therefrom (including, but not limited to, all testimony, deposition, or otherwise, that refers, reflects or otherwise discusses any information designated Confidential hereunder), shall not be used, directly or indirectly, by any person for any business, commercial or competitive purposes or for any purpose whatsoever other than solely for the preparation and trial of this action in

accordance with the provisions of this Order.  A party wishing to designate portions of a deposition transcript CONFIDENTIAL pursuant to this Order must, within five (5) business days from the conclusion of the deposition, order the original or a copy of the transcript of the deposition from the court reporter for regular turnaround. The designating party may designate those portions of the transcript CONFIDENTIAL, in accordance with paragraph 2 of this Order.  The designating party shall designate such CONFIDENTIAL MATERIAL either on the record or by serving upon all counsel of record via facsimile or other electronic transmission a Notice setting forth the page, line numbers and designation.  The designating party must serve such Notice within fifteen (15) calendar days after its counsel receives a copy of the deposition transcript.  All transcripts for timely ordered depositions will be treated as CONFIDENTIAL until the expiration of the fifteen-day period described in this paragraph.  Any portions of a transcript designated as CONFIDENTIAL MATERIAL shall thereafter be treated as CONFIDENTIAL MATERIAL in accordance with this Order.  The parties shall negotiate in good faith to alter the time frames set forth in this paragraph in situations where a more expedited filing of a designated portion of the deposition transcript is required.

6.     Except with the prior written consent of the individual or entity designating a document or portions of a document as "Confidential," or pursuant to prior Order after notice, any document, transcript or pleading given "Confidential" treatment under this Order, and any information contained in, or derived from any such materials (including but not limited to, all deposition testimony that refers, reflects or otherwise discusses any information designated confidential hereunder) may not be disclosed other than in accordance with this Order and may not be disclosed to any person other than: (a) the Court and its officers; (b) parties to this litigation; (c) counsel for the parties, whether retained counsel or in-house counsel and employees of counsel assigned to assist such counsel in the preparation of this litigation; (d) fact witnesses who have signed an agreement to be bound by the

terms of this Order (provided that copies of such agreement are provided to all parties); (e) present or former employees of the producing party in connection with their depositions in this action (provided that no former employee may be shown documents prepared after the date of his or her departure unless he/she has signed an agreement to be bound by the terms of this Order and copies of such agreement are provided to all parties); and (f) experts specifically retained as consultants or expert witnesses in connection with this litigation.

7. Documents produced pursuant to this Order shall not be made available to any person designated in Subparagraph 6(f) or 7(b) unless he or she shall have first read this Order, agreed to be bound by its terms, and signed the attached Declaration of Compliance.

8. All persons receiving any or all documents produced pursuant to this Order shall be advised of their confidential nature. ~~All persons to whom confidential information and/or documents are disclosed are hereby enjoined from disclosing same to any person except as provided herein, and are further enjoined from using same except in the preparation for and trial and appeal of the above-captioned action between the named parties thereto.~~ **(FFM)** No person receiving or reviewing such confidential documents, information or transcript shall disseminate or disclose them to any person other than those described above in Paragraph 6 and Paragraph 7 and for the purposes specified, and in no event shall such person make any other use of such document or transcript.

9. Nothing in this Order shall prevent a party from using at trial any information or materials designated "Confidential" or "Confidential—Attorneys' Eyes Only."

10. This Order has been agreed to by the parties to facilitate discovery and the production of relevant evidence in this action. Neither the entry of this Order, nor the designation of any information, document, or the like as "Confidential" nor the failure to make such designation, shall constitute evidence with respect to any

issue in this action.

11.     Within sixty (60) days after the final termination of this litigation, all documents, transcripts, or other materials afforded confidential treatment pursuant to this Order, including any extracts, summaries or compilations taken therefrom, but excluding any materials which in the good faith judgment of counsel are work product materials, shall be returned to the individual or entity having produced or furnished same.

12.     In the event that any party to this litigation disagrees at any point in these proceedings with any designation made under this Protective Order, the parties shall try to resolve such dispute in good faith on an informal basis in accordance with Civil Local Rule 37-1.  Initially, the party disputing the designation will provide a detailed explanation of the basis for its contention that the document at issue does not require the confidentiality designation.  If the dispute cannot be resolved, the designating party may seek appropriate relief from this Court.  During the pendency of any challenge to the designation of a document or information, the designated document or information shall continue to be treated as "Confidential" or "Confidential—Attorneys' Eyes Only" subject to the provisions of this Protective Order.

13.     Nothing herein shall affect or restrict the rights of any party with respect to its own documents or to the information obtained or developed independently of documents, transcripts and materials afforded confidential treatment pursuant to this Order.

14.     The Court retains the right to allow disclosure of any subject covered by this stipulation or to modify this stipulation at any time in the interest of justice

**15.     If a party to whom Confidential material has been produced is subpoenaed or ordered by another court or administrative agency to produce information that is subject to this protective order, such party shall notify promptly the party who produced the material of the pending subpoena or**

1    order.  It is the producing party's responsibility to take whatever action it

2    deems appropriate to challenge the subpoena or order in the issuing court or

3    agency.  The party subject to the subpoena or order shall not produce any

4    Confidential materials in advance of the date required by the subpoena or

5    order.  Nothing herein shall be construed as relieving anyone subject to this

6    order from any obligation to comply with a validly issued subpoena or order.

7    (FFM)

8         IT IS SO ORDERED.

9                                              /S/ FREDERICK F. MUMM
     Dated: November 25, 2013          Honorable Frederick F. Mumm
10   _____ _____               United States Magistrate Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATED PROTECTIVE ORDER
Case No. CV13-05419-GHK (FFMx)

**EXHIBIT A**

**DECLARATION OF COMPLIANCE**

I, _____, declare as follows:

1.    My address is _____.

2.    My present employer is _____.

3.    My present occupation or job description is _____.

4    I have received a copy of the Stipulated Protective Order entered in this action on _____, 20___.

5.    I have carefully read and understand the provisions of this Stipulated Protective Order.

6.    I will comply with all provisions of this Stipulated Protective Order.

7.    I will hold in confidence, and will not disclose to anyone not qualified under the Stipulated Protective Order, any information, documents or other materials produced subject to this Stipulated Protective Order.

8.    I will use such information, documents or other materials produced subject to this Stipulated Protective Order only for purposes of this present action.

9.    Upon termination of this action, or upon request, I will return and deliver all information, documents or other materials produced subject to this Stipulated Protective Order, and all documents or things which I have prepared relating thereto, which documents are the subject of the Stipulated Protective Order, to my counsel in this action, or to counsel for the party by whom I am employed or retained or from whom I received the documents.

10.    I hereby submit to the jurisdiction of this Court for the purposes of enforcing the Stipulated Protective Order in this Action.

1    I declare under penalty of perjury under the laws of the United States that the following is

2    true and correct.

3         Executed this ____ day of _____, 2013 at _____.

4

5                                                    _____

6                                                    QUALIFIED PERSON

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28